UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

STELLA ALLEN,

    Plaintiff,

-VS-

FIRST ADVANTAGE BACKGROUND SERVICES CORPORATION and OMNI HOTELS MANAGEMENT CORPORATION,

    Defendants.

_____/

CASE NO.: 3:19-CV-897-RGJ

**JURY TRIAL DEMANDED**

## COMPLAINT

**COMES NOW**, Plaintiff, Stella Allen, by and through her undersigned counsel, and sues Defendants, First Advantage Background Services Corporation. (hereinafter "First Advantage"), and Omni Hotels Management Corporation (hereinafter "Omni") (collectively "Defendants") and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

2. The FCRA was enacted to promote the accuracy, fairness, and privacy of consumer information contained in the files of consumer reporting agencies and in doing so promoted the efficiency and public confidence in the banking system.

3. The Defendants have violated the FCRA with respect to Plaintiff by failing to provide Plaintiff with: (a) a pre-adverse action disclosure which includes a copy of her consumer report obtained from First Advantage and a description in writing of her rights under the FCRA; and (b) a pre-adverse action opportunity to dispute the accuracy of the reported information. First Advantage failed to maintain and follow strict procedures regarding the accuracy of information when preparing and furnishing Omni a report regarding Plaintiff.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1337(a) under 15 U.S.C. §1681p with respect to Plaintiff's FCRA claims.

5. Venue is proper as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district. 28 U.S.C. § 1391(b)(2)

## PARTIES

6. Plaintiff is a natural persona, who at all times relevant resided in this judicial district.

7. At all relevant times and cited herein, Plaintiff was a consumer as defined by 15 U.S.C. § 1681(a)(b) and (c).

8. Plaintiff is a person as defined by 15 U.S.C. § 1681(a)(b).

9. Upon information and belief, First Advantage is a corporation doing business in the State of Kentucky from its principal place of business located at 1 Concourse Parkway NE, Suite 200, Atlanta, Georgia, 30328, and through its registered agent, Corporation Service Company, 421 West Main St., Frankfort, Kentucky, 40601.

10. Upon information and belief, Omni is a corporation doing business in the State of Kentucky from its principal place of business located at 4001 Maple Avenue, Suite 600, Dallas, Texas, 75219, and through its registered agent, Corporation Service Company, 421 West Main St., Frankfort, Kentucky, 40601.

## FACTUAL ALLEGATIONS

11. On or about March 2019, Plaintiff submitted an application for employment with Omni.

12. Omni brought Plaintiff in for an interview shortly thereafter.

13. After the interview had concluded the manager with Omni made Plaintiff a verbal offer for a position within Omni as a housekeeper.

14. Sometime thereafter, Omni requested a consumer report containing information on Plaintiff from First Advantage. First Advantage is a consumer reporting agency as defined in 15 U.S.C. § 1681a(d)(1). First Advantage prepared the requested consumer report and delivered it to Omni.

15. Two to three weeks later, Omni called Plaintiff and told her they would not be able to hire because of her background check.

16. In April of 2019, Plaintiff was able to obtain her background check from First Advantage.

17. The consumer report provided by First Advantage to Omni contained inaccurate information, including but not limited to, a criminal history that does not belong to the Plaintiff.

18. The background report prepared by First Advantage and used by Omni is a "consumer report" within the meaning of 15 U.S.C. §1681a(d) and §1681b(a)(3)(F)(i) in that it was a:

> "written…communication of any information by a consumer reporting agency bearing on a consumer's…character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility."

19. Furthermore, the report from First Advantage concluded by stating the Plaintiff was "INELIGIBLE".

### *Requirements of the FCRA*

20. Pursuant to 15 U.S.C. § 1681b(b)(3), the FCRA requires that prior to taking any adverse action against an employee or employment applicant based on information contained in a consumer report obtained from a consumer reporting agency, an employer must provide the employee or employment applicant with: (a) a pre-adverse action disclosure which includes a copy of the employee's consumer report obtained from a consumer reporting agency and a description in writing of the employee's rights under the FCRA; and (b) a pre-adverse action opportunity to dispute the accuracy of the reported information before any adverse action is taken. Pursuant to 15 U.S.C. § 1681a(d), the definition of a "consumer report" for purposes of the FCRA includes a criminal background check used for employment purposes. Pursuant to 15 U.S.C. § 1681a(k), the definition of "adverse action" for purposes of the FCRA includes "a denial of employment or any other decision for employment purposes that adversely affects any current or prospective employee."

21. On information and belief, Omni has a nationwide policy and practice of requesting that First Advantage or other consumer reporting agencies provide it with consumer reporting containing background information on all employees and employment applicants and of taking adverse employment action based on information contained in those reports without providing employees or employment applicants: (a) a pre-adverse action disclosure containing a copy of the consumer report obtained from the consumer reporting agency and a description in writing of the employee's rights under the FCRA; or (b) a pre-adverse action opportunity to dispute the accuracy of the reported information.

22. Pursuant to 15 U.S.C. § 1681e, the FCRA requires that First Advantage utilize reasonable procedures to ensure maximum possible accuracy of the information in its report regarding Plaintiff.

23. First Advantage failed to require certification by Omni that it would comply with requirements under the FCRA prior to furnishing the report regarding Plaintiff.

24. First Advantage failed to maintain and follow strict procedures regarding the accuracy of information when preparing and furnishing Omni a report regarding Plaintiff and did not contemporaneously provide their report to Plaintiff.

25. First Advantage failed to consider all the relevant information in its possession when preparing the report regarding Plaintiff.

26. First Advantage failed to utilize reasonable procedures to ensure maximum possible accuracy of the information in its report regarding Plaintiff by failing to consider Plaintiff's full and accurate name, middle name and information.

27. First Advantage failed to utilize reasonable procedures to ensure maximum possible accuracy of the information by failing to implement policies that would filter and screen against the known risks of identity theft and mixed information.

5

28. First Advantage failed to utilize strict procedures to ensure maximum possible accuracy of information.

*Damages*

29. Omni ultimately became aware of the Defendants mistakes and re-offered the employment opportunity to Plaintiff.

30. However, the damage to Plaintiff has already been done.

31. Plaintiff was unable to work for Omni while the issue was ongoing.

32. Additionally, the embarrassment and aggravation of how First Advantage and Omni handled the situation made working at Omni an undesirable situation.

33. As a result of this conduct, including the actions and/or inactions of Omni and First Advantage, the Plaintiff suffered damages including but not limited to:

    a. Loss of Salary

    b. Loss of bonuses

    c. Retirement savings

34. Plaintiff has felt embarrassment and frustration over the loss of employment and damage to her name.

35. Plaintiff's position at Omni would have been a full time job and Plaintiff was anticipating being able to be gainfully employed for the long term, however the loss of the job opportunity has instead left Plaintiff's life in a state of uncertainty.

36. Plaintiff has spent significant hours investigating how to rectify the situation.

## **CLAIMS FOR RELIEF**

### COUNT I
### Violations of the Fair Credit Reporting Act as to Omni

37. Plaintiff re-alleges and re-incorporates paragraphs one (1) through thirty-seven (37) above.

38. Omni willfully failed to provide Plaintiff with (a) a pre-adverse action disclosure containing a copy of the consumer report and a description of her rights under the FCRA; and (b) a pre-adverse action opportunity to dispute the accuracy of the information contained in the consumer report as required by 15 U.S.C. § 1681b(b)(3).

39. Omni's willful violation of 15 U.S.C. § 1681b has caused damages to Plaintiff for which Omni is liable under 15 U.S.C. § 1681n.

40. Further, Omni's conduct, action and inaction was willful, rendering it liable for statutory and punitive damages pursuant to 15 U.S.C. § 1681n.

41. In the alternative to paragraph 38 of this complaint, Omni negligently failed to provide Plaintiff with (a) a pre-adverse action disclosure containing a copy of the consumer report and a description of her rights under the FCRA; and (b) a pre-adverse action opportunity to dispute the accuracy of the information contained in the consumer report as required by 15 U.S.C. § 1681b(b)(3).

42. In the alternative to paragraphs 38-40 of this complaint, Omni's negligent violation of 15 U.S.C. §1681b(b)(3) has caused damages to Plaintiff for which Omni is liable under 15 U.S.C. § 1681o.

43. Plaintiff is entitled to recover costs and attorney's fees from Omni in an amount to be determined by the Court pursuant to 15 USC § 1681n and/or § 1681o.

WHEREFORE, Plaintiff respectfully requests that this Court award statutory, actual and punitive damages against OMNI HOTELS MANAGEMENT CORPORATION, to Plaintiff, award Plaintiff her attorney fees and the costs of this action pursuant to 15 U.S.C. § 1681n and/or § 1681o; and grant all such additional relief as the Court deems appropriate.

## COUNT II
### Violations of the Fair Credit Reporting Act as to First Advantage

44. Plaintiff re-alleges and re-incorporates paragraphs one (1) through thirty-seven (37) above.

45. First Advantage violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiffs. First Advantage's report was patently false or misleading in such a way and to such an extent that it can be expected to adversely affect hiring decisions.

46. First Advantage violated 15 U.S.C. §1681b(b)(1) by failing to require the user of a consumer report for employment purposes to certify to comply with its requirements under the FCRA.

47. First Advantage's conduct, action and inaction were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

48. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 USC § 1681o.

49. Plaintiff is entitled to recover costs and attorney's fees from First Advantage in an amount to be determined by the Court pursuant to 15 USC § 1681n and/or § 1681o.

WHEREFORE the Plaintiff respectfully requests that this Court award statutory, actual and punitive damages against FIRST ADVANTAGE BACKGROUND SERVICES CORPORATION, jointly and severally; for her attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

Respectfully submitted,

*/s/ Jason R. Derry, Esquire*
Jason R. Derry, Esquire
Florida Bar No.: 0036970
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 257-0577
jderry@ForThePeople.com
jkneeland@ForThePeople.com
kaitlynm@ForThePeople.com
*Attorney for Plaintiff*